IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GINA AINSWORTH, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| CITY OF MADISON, a Political Subdivision, | ) | |
| and ALVIN BRANDL, in his official and | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff GINA AINSWORTH, by and through undersigned counsel, and hereby files this Complaint against the CITY OF MADISON, and ALVIN BRANDL, and states and alleges as follows:

## PARTIES-VENUE-JURISDICTION

1. Plaintiff, Gina Ainsworth, at all relevant times alleged herein, was a resident of Madison, Nebraska, and a former employee of Defendant The City of Madison ("Defendant" or "Madison"). Plaintiff worked as the City Clerk for Madison.

2. At all relevant times, Madison has continuously been a political subdivision doing business in the State of Nebraska and in the City of Madison, Nebraska.

3. At all relevant times, Defendant Alvin Brandl, was a resident of Madison, Nebraska and Plaintiff's supervisor under the elected title of Mayor of The City of Madison. He is sued both individually and in his official capacity as an employee, agent or servant of the City of Madison.

4. This Court has original jurisdiction over the claims arising under federal law and concurrent jurisdiction over the state law claims.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the Court's

pendent claim jurisdiction under 28 U.S.C. §1367(a).

6. Venue is appropriate in this District under 28 U.S.C. §1391(b) and (c).

7. Plaintiff sent appropriate notice of her claim to Defendant Madison by certified mail to its City Clerk on or about November 10, 2017.

8. On or about December 10, 2018, Plaintiff formally notified the City Clerk of Defendant Madison by certified letter of her intention to withdraw her claim and proceed judicially in the appropriate court of law.

9. At all times relevant hereto, Plaintiff has complied with the statutory requirements of the Political Subdivision Tort Claims Act.

## FACTUAL BACKGROUND

10. Ainsworth was employed by Defendant Madison as the City Clerk from April 2010 until she was wrongfully terminated on December 12, 2016.

11. During her tenure with Defendant Madison, Ainsworth was re-appointed seven times by 3 different mayors, including Defendant Mayor Brandl. Ainsworth received positive feedback and praise from her co-workers and supervisors concerning her performance and all of her performance reviews document exemplary remarks.

12. Prior to December 12, 2016, Ainsworth had no notice or reason to believe that her employment would be terminated or that she would not be re-appointed.

13. In March 2016, a petition to recall Defendant Mayor Brandl was filed which resulted in an unsuccessful recall election on July 19, 2016.

14. During this time period, Ainsworth exercised her First Amendment right to free speech by displaying a sign in favor of recalling Defendant Mayor Brandl in the front yard of her private residence in Madison, Nebraska.

15. Despite her personal opinion about the merits of the recall election, Ainsworth diligently fulfilled all of her duties and responsibilities as City Clerk, including working with Defendant Mayor Brandl, to accomplish city business in a professional and respectful manner.

16. Moreover, Defendant Mayor Brandl never voiced any complaints or concerns to Ainsworth about her job performance during the time period leading up to the recall election.

17. However, Defendant Mayor Brandl did ask Ainsworth in front of a group of witnesses how she voted in the 2016 election and commented negatively on her political party affiliation.

18. At 3:59 p.m. on December 12, 2016, Ainsworth received a call from Defendant Mayor Brandl letting her know that he would not be re-appointing her as City Clerk later that afternoon at the City Council Meeting and that he was giving her the opportunity to resign instead. Ainsworth told Defendant Mayor Brandl that she would not resign as she did nothing wrong. Defendant Mayor Brandl responded by stating that he was not re-appointing her because she "participated in the recall election against him," and that she "cost him a lot of money." Ainsworth told Defendant Mayor Brandl that she had consulted the employee handbook and that her display of the sign at her private residence was not prohibited. Ainsworth also asked why he waited until right before the City Council Meeting to inform her of his decision. Defendant Mayor Brandl told Ainsworth that he had just offered her position to another individual that afternoon. Defendant Mayor Brandl concluded the call by asking for her resignation once again, commenting, "I would save myself the embarrassment, if I were you."

19. Later that afternoon, Ainsworth attended the City Council Meeting. When the City Council came to the issue of Ainsworth's reappointment, Defendant Mayor Brandl informed the members and public that he was choosing not to reappoint Ainsworth.

20. When Defendant Mayor Brandl was asked for a reason, he was not able to articulate any reason other than admitting that he knew Ainsworth participated in and supported the recall election against him. Defendant Mayor Brandl also claimed to not have made any offers of employment to any particular individuals as of the time of the meeting. Ainsworth was given the opportunity to voice her opposition to the Mayor's decision during the meeting and also informed the City Council that Defendant Mayor Brandl had told her that an offer of employment had already been made to another individual. Ainsworth left before the meeting was concluded; however, she subsequently confirmed that Defendant Mayor Brandl's position did not change.

21. At the time of her termination, Plaintiff was earning approximately $19.32 per hour working full time as the City Clerk for Defendant Madison. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $10,000 and are continuing. As part of her compensation, Plaintiff also received health benefits, retirement contributions and vacation pay, in an amount that is not presently known by Plaintiff and will be subject to further discovery in this matter.

## COUNT ONE

### Violation of the First Amendment

### 42 U.S.C. §1983

22. Plaintiff hereby incorporates paragraphs 1 through 21 as if fully set forth herein and states:

23. Plaintiff's speech and freedom of assembly was protected by the First Amendment.

24. Defendant Madison and Defendant Brandl took retaliatory adverse action against

Plaintiff related to her employment.

25. Plaintiff's protected speech and freedom of assembly was a substantial or motivating factor in the Defendants' decision to take the retaliatory adverse action against Plaintiff.

26. The unlawful employment practices complained of above were malicious, intentional or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendants are subject to punitive damages.

27. As a result of Defendants' wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT TWO

### Violation of Article I, sections 5, 19 and 22 of the Nebraska Constitution

28. Plaintiff hereby incorporates paragraphs 1 through 27 as if fully set forth herein and states:

29. Plaintiff's speech, assembly and right to vote were protected by Article I, sections 5, 19 and 22 of the Nebraska Constitution.

30. Defendant Madison and Defendant Brandl took retaliatory adverse action against Plaintiff related to her employment.

31. Plaintiff's protected speech and freedom of assembly was a substantial or motivating factor in the Defendants' decision to take the retaliatory adverse action against Plaintiff.

32. The unlawful employment practices complained of above were malicious,

intentional or recklessly indifferent to Plaintiff's rights as protected by state law, and by its conduct Defendants are subject to punitive damages payable to the Nebraska Common Schools Fund.

33. As a result of Defendants' wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT THREE

### Retaliatory Discharge in Violation of Nebraska Public Policy

34. Plaintiff hereby incorporates paragraphs 1 through 33 as if fully set forth herein and states:

35. During her employment, Plaintiff engaged in activity protected by Nebraska public policy.

36. There is a causal connection between Plaintiff's protected activity and the separation of her employment with Defendant Madison by Defendant Mayor Brandl.

37. The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by state law, and by its conduct Defendants are subject to punitive damages payable to the Nebraska Common Schools Fund.

38. As a result of Defendants' wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## DAMAGES

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 and states:

40. As a result of Defendant's discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

    a. Back pay and lost benefits to the time of trial;

    b. Front pay including retirement and other benefits;

    c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

    d. Punitive damages concerning Plaintiff's federally protected rights;

    e. Punitive damages payable to the Nebraska Common Schools Fund for concerning Plaintiff's state protected rights;

    f. Attorney's fees, expert witness fees and other reasonable costs; and,

    g. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated this 11th day of December, 2018.

                                                                                    GINA AINSWORTH, Plaintiff

                                                       BY:   s/ Jennifer Turco Meyer
                                                                     Jennifer Turco Meyer, #23760
                                                                     Of Dyer Law, P.C., LLO

                10730 Pacific Street, #111
                Omaha, Nebraska 68114
                (402) 393-7529
                (402) 391-2289 facsimile
                Jennifer@dyerlaw.com
                Attorney for Plaintiff